

**Rachel Maimin**
Partner

1251 Avenue of the Americas
New York, New York 10020

**T**: (212) 419-5876
**F**: (973) 597-2400
**E**: rmaimin@lowenstein.com

April 19, 2024

**BY ECF**

**MEMO ENDORSED**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square,
New York, New York 10007

      Re:    *Janet Harvey and Joseph Harvey v. Permanent Mission of the Republic of Sierra Leone to the United Nations, et al.*,
             Case No. 21-CV-4368 (ER)

Dear Judge Ramos:

      Pursuant to Your Honor's January 27, 2023 Order, Plaintiffs Janet Harvey and Joseph Harvey respectfully submit this letter to (1) request that the stay of discovery in this case be lifted; (2) request that Your Honor order a schedule for the remainder of the case; and (3) request a status conference at the Court's earliest convenience relating to the anticipated motion to withdraw of the attorneys for the Defendant Permanent Mission of the Republic of Sierra Leone to the United Nations ("the Mission"). Although the Harveys take no position on this motion, they also seek to minimize any additional delay caused by a change of counsel. The Mission has not taken a single additional step to renovate its headquarters since the appeal was filed twenty-one months ago, and the Harveys continue to live in fear for their safety.

    As the Court is aware, discovery was stayed in this case while the Mission's appeal of Your Honor's denial of its motion to dismiss the Amended Complaint was pending. The Second Circuit has now affirmed Your Honor's decision that the Foreign Sovereign Immunities Act did not bar this lawsuit and that this Court therefore has jurisdiction over the Mission. Specifically, the Second Circuit held "that the district court correctly concluded that the Mission's conduct underlying the Harveys' suit qualifies as a 'commercial activity.'" *Harvey v. Permanent Mission of Republic of Sierra Leone to United Nations*, 97 F.4th 70, 77 (2d Cir. 2024).

    As Your Honor is aware, this case arises from the Mission's botched and dangerous renovation of its headquarters, which is next to the Harveys' home. When this case was filed, the renovations were totally stalled; the Mission was refusing an inspection of the headquarters on purported national security grounds; there were numerous unpaid fines from the Department of Buildings arising from the renovations; and the Harveys were living in a state of fear for their personal safety.

    About three years have passed and nothing whatsoever has changed. The premises remain in ruins, and the Harveys continue to fear for their safety. The Mission has kept none of its promises: There has been zero progress on renovations, the fines remain unpaid, and there appears to be no progress in sight. After the decision of the Second Circuit, we attempted to make contact in writing

with counsel for the Mission. We received no response. We called counsel and were told that the Mission was in the process of hiring a general contractor, which should have happened years ago—and we do not even know if it has actually happened. And now, according to the letter submitted by the Mission's counsel yesterday, we have learned that the Mission has been incommunicado with its own lawyers, who seek to withdraw. While we do not blame counsel for the Mission's silence, it is clear that the Mission is using all means at its disposal to avoid its duty to make the headquarters, and the Harveys' home, safe—evidently, now ignoring its own lawyers.

The Harveys should not have to endure additional delay as a result of the Mission's ongoing gamesmanship. Accordingly, we respectfully request that the Court lift the stay of discovery and enter the enclosed proposed scheduling order so that this case may proceed. All of the Defendants consent to this request, except for counsel for the Mission, which has not responded to the Harveys' repeated inquiries.

The Harveys further ask that the Court schedule a status conference on the motion to withdraw as quickly as possible and, if the motion is granted, order the Mission to find new counsel immediately so that this scheduling order can govern going forward. We also ask that, if there is a period when the Mission has no counsel—which should not be necessary—the Harveys be given an address in the United States that can be used for service or other communication. Given the Mission's lack of communication with its own lawyers, we also request that a representative of the Mission be required to attend the conference so that there is no question that the Mission is aware of its legal obligations. A proposed scheduling order is enclosed hereto for the Court's consideration.

To the extent that the Mission fails to secure counsel as ordered, we expect to seek permission to proceed against the Mission *pro se* in order to avoid more delay.

Respectfully submitted,

/s/ Rachel Maimin
Rachel Maimin
Steven Fuerst
Cassandra Essert

cc:  Counsel of record

Enclosure

---

The stay in place as to the Mission (Doc. 178) is lifted. The Court will hold a telephonic conference on May 7, 2024, at 10:30 a.m. to address Foley Hoag's motion to withdraw and the status of discovery now that the interlocutory appeal has been resolved. The parties are directed to dial 877-411-9748 and to enter access code 3029857# when prompted. The Clerk of Court is respectfully directed to terminate the motions, Docs. 196, 197. SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: April 22, 2024
New York, New York