

**Rachel Maimin**
Partner

1251 Avenue of the Americas
New York, New York 10020

T: (212) 419-5876
F: (973) 597-2400
E: rmaimin@lowenstein.com

## MEMO ENDORSED

May 11, 2024

> Within seven days of the retention of new counsel, the Mission shall (1) respond to Plaintiffs' letter (Doc. 204) asserting that the parties have a legal right to inspect the renovation site, and (2) advise the Court whether it consents to the proposed amended discovery schedule (Doc. 205). Plaintiffs are directed to provide a copy of this order to the Mission. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: May 13, 2024
> New York, New York

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Janet Harvey and Joseph Harvey v. Permanent Mission of the Republic of Sierra Leone to the United Nations, et al.*,
Case No. 21-CV-4368 (ER)

Pursuant to Your Honor's Order dated May 8, 2024, Plaintiffs Janet Harvey and Joseph Harvey respectfully submit this letter to: (1) propose an amended scheduling order in light of the replacement of counsel for Defendant the Permanent Mission of the Republic of Sierra Leone to the United Nations ("the Mission"); and (2) set forth this Court's authority to order an inspection of the Mission's renovation site under the Vienna Convention, which the Mission raised during our status conference on May 7, 2024, and propose a schedule for the Mission to respond.

    I.    **Amended Scheduling Order**

A proposed amended scheduling order for the case is enclosed hereto for the Court's consideration. Pursuant to the Court's May 8, 2024 Order, new counsel for the Mission must file a notice of appearance by June 6, 2024, 30 days from the last status conference. The proposed amended scheduling order affords sufficient time for new counsel to get up to speed and participate in discovery without further delay. Moreover, the proposed order balances new counsel's need to get up to speed with the other parties' desire for the case to proceed apace, given it has been pending for about three years while the Harveys continue to live next to a dangerous and unstable structure. Now that the primary legal issue here has been resolved—the question of the Court's jurisdiction under the Foreign Sovereign Immunities Act—this has become a mine-run tort case relating to a construction project that has not even proceeded into discovery, so counsel should be able to catch up in a reasonably brief amount of time. We also presume former counsel will transfer the case file to new counsel in a thorough manner, providing all material information, so that the case can proceed efficiently. All defendants other than the Mission consented to this proposed order. The Mission failed to respond, even though the request was posed by email to the new address provided by prior counsel for service to the Mission (Hawanatu Kebe, Counsellor, 228 East 45th Street, 7th Floor, New York, NY 10017, 212-688-4985, sierraleone@pmun.net).

## II.	The Parties Have the Legal Right to Inspect the Renovation Site

During the conference, former counsel for the Mission stated that the Vienna Convention prevented anyone from entering the Mission's renovation site without consent of the Mission, citing Article 22 of the Vienna Convention and the Second Circuit's decision in *767 Third Avenue Associates v. Permanent Mission of the Republic of Zaire to the United Nations*, 988 F.2d 295 (2d Cir. 1993). Counsel is wrong. Neither authority applies here and the Court can and should permit an inspection of the site.

The Vienna Convention provides for inviolability of the "premises of [a] mission" to the United Nations, meaning that without exception, "agents of the receiving State may not enter them, except with the consent of the head of the mission." The Vienna Convention on Diplomatic Relations, art. 22, section 1, Apr. 18, 1961, 23 U.S.T. 3227. Article 1, section (i) of the Vienna Convention defines the "premises of the mission" as "the buildings or parts of buildings and the land ancillary thereto, irrespective of ownership, used for the purposes of the mission[,] including the residence of the head of the mission."

The site of renovation does not qualify as the "premises of [a] mission" under the Vienna Convention. No part of the building is being used for the Mission's purposes or as the residence of the head of the Mission. It is a deserted shell of a building, wholly uninhabitable and unusable for any purpose, much less sensitive diplomatic work. The Mission has accordingly moved its offices—and, given the condition of the site, presumably all of the electronic devices, paperwork, and other material used by the Mission—to a separate location.[1] It is unimaginable that Sierra Leone is still maintaining sensitive national security or other classified material at the site; it is a fire hazard that appears to be on the verge of collapse. Both by its plain language and the spirit of the provision, the Vienna Convention's protections extend to "missions" that are actually doing the work of a country, not to an empty construction site unfit for human use.

The Second Circuit's decision in *767 Third Avenue Associates* does not affect this analysis. In that case, the plaintiff-landlord sought to evict defendant the Mission of the Republic of Zaire (the "Zairian Mission") for nonpayment of rent. 988 F.2d at 296. Because the Zairian Mission occupied the property at issue with mission members who were carrying out the Zairian Mission's purposes, Article 22, section 1 of the Vienna Convention prohibited the landlord from effecting an eviction or otherwise entering the property. *Id.* The Zairian Mission

---

[1] In addition to the Vienna Convention's definition, the site does not even meet the plain definition of "mission." Merriam-Webster, for instance, defines a "mission" as: "a body of persons sent to perform a service or carry on an activity: such as (a) a group sent to a foreign country to conduct diplomatic or political negotiations[;] (b) a permanent embassy or legation[; or] (c) a team of specialists or cultural leaders sent to a foreign country. Merriam-Webster.com, https://www.merriam-webster.com/dictionary/mission (last visited May 11, 2024). The renovation site does not meet any of these definitions because it lacks a single person "sent to perform a service or carry on an activity." Nor does the site meet Black's Law Dictionary's definition. Black's provides that a "mission" is "an important, official task that an individual or group carries out." *Mission*, *Black's Law Dictionary* (11th ed. 2019). A "diplomatic mission" is "[a] select group of people that officially represents a country or an international intergovernmental organization while present in and officially received by another country." *Diplomatic Mission*, *Black's Law Dictionary* (11th ed. 2019). Because no business whatsoever, much less any "important, official task" is being conducted at the site by any individual, group, or representative of Sierra Leone, the site does not approach a "mission."

was actively being used as expected under the Vienna Convention. It was not, as here, an empty, dangerous construction site.

In sum, while the construction site is owned by the Mission, the property is not a "mission" under the Vienna Convention, shielding it from inspection without consent. The site is subject to the same laws and restrictions as any other. Inspection here is crucial to determining the extent of the dangers, both past and ongoing, that are core to this litigation.

Finally, consistent with the Court's directive that briefing "should be done as soon as possible," the Harveys propose that the Mission be required to respond in writing regarding the parties' right to inspect by the earlier of seven days from of the retention of new counsel or June 6, 2024. We note that we also expect to seek assistance from the Court in requiring the Mission to facilitate compliance with the Consent Order entered by this Court on June 7, 2021, with which we understand the Mission was previously refusing to comply.

      Respectfully submitted,

      */s/ Rachel Maimin*
      Rachel Maimin
      Steven Fuerst
      Cassandra Essert

Enclosures

cc:    Counsel of record (*via ECF*)
       Mission of Sierra Leone (*via email and FedEx*)