UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET HARVEY and JOSEPH HARVEY,

                Plaintiffs,

– against –

PERMANENT MISSION OF THE REPUBLIC OF SIERRA LEONE TO THE UNITED NATIONS, EMPIRE GROUP NYC, LLC, DAVID I MONTESI, JULES DAVIS, and FAIRFIELD CONSTRUCTION ASSOCIATES, LLC,

                Defendants.

**ORDER**

21 Civ. 4368 (ER)

Ramos, D.J.:

    Janet and Joseph Harvey filed this action on May 14, 2021. Doc. 1. They bring various claims alleging that the renovation and expansion of the Permanent Mission of the Republic of Sierra Leone, which is located next door to their Manhattan home, presents a danger to their health. *See Harvey v. Permanent Mission of the Republic of Sierra Leone to the United Nations*, No. 21 Civ. 4368 (ER), 2022 WL 2392101, at *1–2 (S.D.N.Y. July 1, 2022). The Mission moved to dismiss on multiple grounds, including an argument that the Court lacked subject matter jurisdiction because the Mission was entitled to immunity as a foreign sovereign. *Id.* at *2–3. This Court denied the motion to dismiss, *id.* at 14, and the Second Circuit affirmed, *Harvey v. Permanent Mission of the Republic of Sierra Leone to the United Nations*, 97 F.4th 70, 81 (2d Cir. 2024).[1]

    Shortly after the Second Circuit's mandate issued, counsel for the Mission sought leave to withdraw, citing the Mission's failure to cooperate in the representation and its

---

[1] The interlocutory appeal was limited to the question whether this Court had correctly held that the Mission was not entitled to immunity. *See Harvey*, 97 F.4th at 73–74.

failure to pay legal bills.  Doc. 196.  At a conference on May 7, 2024, the Court granted leave to withdraw and directed counsel to advise the Mission that it had thirty days to retain new counsel.  In a letter to the Court from Minister Counselor/Ag. Head of Chancery A. Salieu Kamara dated June 4, 2024, the Mission requested "a reasonable and appropriate time . . . to seek legal advice and representation."  Doc. 212 at 2.  The Court directed the Mission to have new counsel enter an appearance by June 14, 2024, and it directed an individual representative of the Mission to appear at a telephonic conference on that date.  Doc. 213.  The Mission failed to appear at that conference.  The Court therefore granted the Harveys leave to move for default judgment against the Mission.

The Court has scheduled an order to show cause hearing for August 7, 2024, at 10:00 a.m., to address (1) whether an order should be entered permitting the Harveys and the Mission's codefendants in this matter to access the Mission's renovation site, and (2) whether the Harveys should be permitted to move for damages in support of default judgment against the Mission following an inspection of the site.  The Harveys have also filed a letter motion asking the Court to order an inspection of the site.  Doc. 204.  Before former counsel to the Mission withdrew from the case, it argued at the May 7 conference that such an order would violate Article 22 of the 1961 Vienna Convention, relying on the Second Circuit's decision in *767 Third Avenue Associates v. Permanent Mission of the Republic of Zaire to the United Nations*, 988 F.2d 295 (2d Cir. 1993).  The Harveys maintain that ordering an inspection would be permissible.  Doc. 204 at 2–3.[2]

---

[2] In *767 Third Avenue*, the plaintiffs owned a Manhattan building where the defendant—the Permanent United Nations Mission of the Republic of Zaire—was a tenant.  988 F.2d at 296.  The plaintiffs sued the defendant for unpaid rent and possession.  *Id.*  The district court granted summary judgment for the plaintiffs, directed the defendant to vacate the premises, and awarded damages.  *Id.*  The court also directed the U.S. Marshals to physically remove the defendant and its belongings if it failed to timely leave the premises.  *Id.*  On appeal, the Second Circuit explained that Article 22 of the 1961 Vienna Convention "speaks directly to the issue of mission premises."  *Id.* at 298.  It provides, in part:  "The premises of the

Given the nature of these issues, the Court finds it appropriate to invite the U.S. Department of State to provide its views, if any, on the Harveys' requests or on any issues of interest to the United States.  *Cf. Hua Chen v. Honghui Shi*, No. 09 Civ. 8920 (RJS), 2013 WL 3963735, at *3 (S.D.N.Y. Aug. 1, 2013) (noting that the court had invited the State Department "to provide its views on the application of common law immunity to Defendant"); *Shaoulian-Tehrani v. Khatami*, No. 06 Civ. 6868 (DC), 2008 WL 708252, at *1 (S.D.N.Y. Mar. 17, 2008) (observing that the court had written to the U.S. Attorney's Office for the Southern District of New York to invite the State Department "to submit its views on any issues of interest to the United States" because "the claims involved a former head of state of a foreign country"); *Mukaddam v. Permanent Mission of Saudi Arabia to the United Nations*, 111 F. Supp. 2d 457, 460 (S.D.N.Y. 2000) ("Mindful of the diplomatic and sovereign immunity concerns raised by this case, the Court invited the United States Department of State and the Office of Legal Affairs of the United Nations to express any views they might have on the Mission's motion to dismiss.").

The Department of State may file a statement of interest by July 31, 2024, or it may appear at the order to show cause hearing on August 7, 2024.  If the Department of State does not do so, the Court will resolve the Harveys' requests on the existing submissions.

---

mission shall be inviolable.  The agents of the receiving State may not enter them, except with the consent of the head of the mission."  *Id.*  The Second Circuit concluded that "[t]he inviolability of a United Nations mission under international and U.S. law precludes the forcible eviction of the Mission," and therefore it reversed the portion of the district court's order awarding the plaintiffs possession of the premises and directing the U.S. Marshals to remove the defendant.  *Id.* at 297, 303.

By July 12, 2024, the Harveys are directed to serve a copy of this order on both (1) the Mission, and (2) the U.S. Attorney's Office for the Southern District of New York (for delivery to the State Department).

It is SO ORDERED.

Dated:   July 9, 2024
             New York, New York

                                                      EDGARDO RAMOS, U.S.D.J.