UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Janet Harvey and Joseph Harvey,

                Plaintiffs,

-against-

Permanent Mission of the Republic of Sierra Leone to the United Nations, et al.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/10/2024
```

1:21-cv-04368 (ER) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Following a telephone conference today with the parties to address the timing and format of the damages inquest arising from the default of Defendant Permanent Mission of the Republic of Sierra Leone to the United Nations (the "Defaulting Defendant"), at which counsel for Plaintiffs and Defendants Empire Group NYC, LLC and David I Montesi (the "Empire Defendants") were present, and having been apprised by Plaintiffs that they expect that a resolution will be reached by and between Plaintiffs and the Empire Defendants, Defendant Jules Davis, and Defendant Fairfield Construction Associates, LLC (collectively, the "Non-Defaulting Defendants"), by September 24, 2024, it is hereby ORDERED as follows:

    1.    No later than September 24, 2024, Plaintiffs shall file a letter to the ECF docket with respect to the resolution of the claims against the Non-Defaulting Defendants.

    2.    No later than October 22, 2024, Plaintiffs shall serve the Defaulting Defendant and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default judgment. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary

relief) is being sought, including the exact dollar amount. The submissions shall be served upon the Defaulting Defendant and proof of such service shall be filed to the ECF docket no later than October 25, 2024.

3.     Plaintiffs' Proposed Findings of Fact should specifically tie the proposed damages figure to their legal claim(s); should demonstrate how Plaintiffs arrived at the proposed damages figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages.  <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding</u>.[1] To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the Complaint.

4.     In lieu of conclusions of law, Plaintiffs' may submit a memorandum of law setting forth the legal principles applicable to Plaintiffs' claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees).  Plaintiffs' papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the Court has both personal jurisdiction over the Defaulting Defendant, and jurisdiction over the subject matter.

---

[1] Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar and their hourly rate. Finally, the Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorneys' fees, including why, if applicable, the number of attorneys involved are entitled to fees.

5. No later than November 12, 2024, the Defaulting Defendant shall send to Plaintiffs' counsel and file with the Court its response, if any, to Plaintiffs' submissions.

6. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

7. Plaintiffs promptly shall serve by mail a copy of this Order upon the Defaulting Defendant, and file proof of such service to the ECF docket.

**SO ORDERED.**

Dated:   New York, New York
         September 10, 2024

_____
STEWART D. AARON
United States Magistrate Judge

3